# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM JONES,

    Plaintiff,

v.                                               CASE NO.: 8:19-cv-2957-T-02AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER**

Pending before the Court is the *pro se* Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 in which he accuses trial counsel of several instances of rendering ineffective assistance of counsel, including failed to file an appeal of his judgment and sentence in his criminal case, 8:17-cr-507-T-27AEP.[1] It has been this Court's experience that such a claim for relief always requires an evidentiary hearing at which an incarcerated defendant must be brought before the Court at considerable expense and inconvenience to the United States Marshal Service,[2] as well as to the United States Attorney's Office, which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and

---

[1] Citations to the docket in the criminal case will be denoted as "Cr. Dkt. at \_\_."
[2] In this case, Plaintiff would have to be transported from the Federal Correctional Institute in Jesup, Georgia.

later prepare for and attend a hearing. Additionally, in light of the Eleventh Circuit's opinion in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), the fact that Plaintiff executed a written plea agreement containing a provision in which he waived his right to appeal and collaterally challenge his sentence in the underlying criminal case, does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.[3] Finally, in light of the thorough and comprehensive inquiry undertaken with defendants with regard to the standard waiver of appeal provision contained in Plaintiff's plea agreement,[4] the Court is confident that any direct appeal pursued by Plaintiff will result in a dismissal of that appeal pursuant to *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in United *States v. Buchanan*, 131 F.3d 1005 (11th Cir. 1997).[5]

---

[3] *See also Garza v. Idaho*, 139 S.Ct. 738 (2019) (holding that where attorney failed to file a notice of appeal contrary to defendant's express instructions, "prejudice is presumed"); *Lacey v. United States*, 2019 WL 2152667 (11th Cir. Apr. 5, 2019) (vacating district court's order based on *Garza*).
[4] *See* Cr. Dkt. at 493, pp. 28-28 (plea transcript).
[5] *See*, *e.g.*, *United States v. Bellot*, No. 8:08-cr-412-T-26MAP, docket 148 (order from Eleventh Circuit Court of Appeals dismissing belated appeal granted to defendant in No. 8:10-cv-583-T-26MAP at docket 2 based on valid appeal waiver contained in plea agreement); *United States v. Valdes*, No. 8:09-cr-319-T-26EAJ, docket 63 (order from Eleventh Circuit dismissing belated appeal granted to defendant in No. 8:11-cv-1137-T-26EAJ at docket 2 based on valid appeal waiver contained in plea agreement).

Based on the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion but only to the extent that Plaintiff will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).[6] The Court emphasizes that this determination to grant Plaintiff a belated appeal in his related criminal case is only made in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of Plaintiff in the prior criminal proceedings.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Motion to Vacate (Dkt. 1) is granted but only to the extent that Plaintiff may file a belated appeal in the related criminal case.

2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

---

[6] The Court notes that United States District Judge Elizabeth A. Kovachevich has followed this same procedure in the following cases without requiring a response from the Government: *Olaya-Cuero v. U.S.*, No. 09-cv-137-T-17TBM, *Cummings v. U.S.*, No. 09-cv-1373-T-17MAP, and *John v. U.S.*, No. 09-cv-1897-T-17TGW. Additionally, this Court has followed the same procedure in Nos. 10-cv-583 (*Bellot*) and 11-cv-1137 (*Valdes*).

3) The Clerk is directed to enter judgment for Plaintiff and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on December 9, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
U.S. Magistrate Judge Porcelli
Counsel of Record
Plaintiff, *pro se*